UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 24-CR-0105(4) (PJS/LIB)

        Plaintiff,

v.                                                                    ORDER

TERRI LEE WIEDEMAN,

        Defendant.

---

Allen A. Slaughter, Jr., and Lauren O. Roso, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Thomas H. Shiah, LAW OFFICES OF THOMAS H. SHIAH, LTD., for defendant.

This matter is before the Court on defendant Terri Lee Wiedeman's motion for release pending sentencing. For the reasons that follow, the motion is denied.

Wiedeman was convicted by a jury of one count of conspiracy to distribute or possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846. Consequently, she is subject to the mandatory-detention provisions of 18 U.S.C. § 3143(a)(2). *See* 18 U.S.C. § 3142(f)(1)(C). A defendant subject to § 3143(a)(2) must be detained unless one of the following is true: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted; (2) the government has recommended that no sentence of imprisonment be imposed; or (3) the defendant meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1) or (b)(1) and

there are "exceptional reasons" why detention would be inappropriate. *See* 18 U.S.C.

§ 3143(a)(2); 18 U.S.C. § 3145(c).

Wiedeman seeks release because she did not anticipate being taken into custody immediately following her conviction and needs time to set her affairs in order. She notes that her mother has been unable to handle Wiedeman's affairs for her and that her aunt recently died. These do not qualify as "exceptional reasons" that would justify release pending sentencing, however. 18 U.S.C. § 3145(c); *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (per curiam) (reversing order releasing a defendant who had served three tours of duty in Iraq and noting that "[o]ur case law has defined 'exceptional reasons' as 'clearly out of the ordinary, uncommon or rare'" (citation omitted)); *United States v. Nickell*, 512 F. App'x 660, 661–62 (8th Cir. 2013) (per curiam) (holding that remaining drug-free for two years, regular attendance at drug treatment, full cooperation with law enforcement, full-time employment, and care for three young children did not qualify as "exceptional reasons" under § 3145(c).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for release pending sentencing

[ECF No. 251] is DENIED.

-2-

Dated: June 26, 2025                    /s/ Patrick J. Schiltz
                                        Patrick J. Schiltz, Chief Judge
                                        United States District Court